1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry Lee DAVIDSON, Defendant-Appellant.
 No. 92-5763.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 16, 1993.
Decided: August 17, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-92-3-A)
 Lawrence Lee Moise, III, Vinyard & Moise, Abingdon, Virginia, for Appellant.
 Julie Marie Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 Robert Austin Vinyard, Vinyard & Moise, Abingdon, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The defendant, Barry Lee Davidson, a convicted felon under Virginia law, was charged with violating 18 U.S.C.Sec. 922(g)(1) (possession of a firearm by a convicted felon). Under a plea agreement calling for a guilty plea by him as to one count, the government agreed to dismiss all other counts and, in return for substantial assistance, to recommend a downward departure from the mandatory minimum of 15 years to a term of 10 years.
 
 
 2
 An extensive Rule 11 hearing was held and a determination made that the guilty plea was voluntary and supported by facts on the record. Substantial assistance became difficult if not in fact impossible, because, while Davidson was on bail between the Rule 11 guilty plea hearing and the sentencing hearing, his bond was revoked and he was no longer free to offer substantial assistance. The district judge had made it clear to Davidson that the judge was the one with discretion as to what sentence to impose and that events occurring or failing to occur between the time of the guilty plea and the time of the sentencing could affect the sentence he would impose.
 
 
 3
 Davidson's bond was revoked because he flunked a test of his urine for marijuana. A 15 year sentence was imposed whereupon Davidson sought to withdraw his guilty plea. The district court found no basis for withdrawal and thus denied withdrawal of the plea.
 
 
 4
 The asserted inability to provide substantial assistance was not a fair and just reason mandating withdrawal of the guilty plea, it having been caused by Davidson's own failure to pass the marijuana urine test, therefore violating a condition of his bail release. Nor did alleged ineffective assistance of counsel suffice, because it had no bearing on Davidson's decision to plead guilty, being alleged to have occurred after that decision was made.
 
 
 5
 Finally, Davidson has argued that the weapons involved in the count to which he pled guilty were not found by the district judge to have moved in interstate commerce. Yet the indictment had alleged movement of the guns in interstate commerce. That was at no time contradicted by Davidson. The same is true of the presentence report which stated that the weapons involved had been stolen in North Carolina one month before the Virginia event occurred concerning them and as to which Davidson had pleaded.
 
 
 6
 In short, the record discloses that interstate movement of the guns was obvious. A sufficient factual basis under Rule 11 therefore existed. See Godwin v. United States, 687 F.2d 585 (2d Cir. 1982); United States v. Dayton, 604 F.2d 931 (5th Cir. 1979), cert. denied, 445 U.S. 904 (1980); Bachner v. United States 517 F.2d 589 (7th Cir. 1975).
 
 
 7
 Accordingly, Davidson's conviction and sentence are
 
 
 8
 AFFIRMED.